UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS RICE                                                                                          PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:21-CV-643-DPJ-FKB

BASS PRO OUTDOOR WORLD, L.L.C.                                                      DEFENDANT

ORDER

Plaintiff Thomas Rice sued his former employer Bass Pro Outdoor World, L.L.C. ("Bass Pro") under the Americans with Disabilities Act; Bass Pro moved to dismiss his Complaint. *See* Mot. [7]. Although the Court finds that Bass Pro's motion should be granted, dismissal is without prejudice because Rice may be able to cure some pleading defects through amendment.

I.      Factual Background

Bass Pro hired Rice as a Receiving Associate on July 30, 2006. Comp. [1] ¶ 6. Rice allegedly suffers from an undiagnosed condition suggestive of autism-spectrum disorder, leaving him "prone to misunderstanding interpersonal communications." *Id.* ¶¶ 8–10. He says that one such misunderstanding led Bass Pro to terminate his employment on May 18, 2021, for alleged sexual harassment. *Id.* ¶ 18, 26.

"In the months prior to his termination," Rice observed Mike Jones, a "lead," massage the shoulders of Rice's coworker (and Jones's subordinate), Receiving Associate Sandra Nowells. *Id.* ¶ 12. Rice observed this conduct "on several occasions," yet Nowells neither verbally objected nor filed a sexual-harassment complaint. *Id.* ¶ 13. On May 16, 2021, Rice likewise massaged Nowells's shoulders. *Id.* ¶ 16. Though she did not contemporaneously object, Nowells filed a sexual-harassment complaint against Rice the same day. *Id.* ¶¶ 17, 20.

Nowells's complaint sparked an internal investigation, during which Rice met with human resources and other managers "to document his version of events." *Id.* ¶¶ 19, 21–22. He was also allegedly pressured to sign a document he neither understood nor was allowed to keep. *Id.* ¶¶ 23–25. Thirty minutes later, Rice was informed that he was being terminated for "knowingly violat[ing] [Bass Pro's] sexual harassment policy." *Id.* ¶ 26. Rice sued, and Bass Pro now seeks dismissal. The Court has subject-matter jurisdiction to consider the motion.

II.     Standard

When considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

III.     Analysis

Rice argues that his termination was discriminatory, and, in his Response, he details three theories under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112: First, he presents a traditional disparate-treatment theory, specifically arguing that Bass Pro treated him differently than similarly situated coworkers. Pl.'s Resp. [11] ¶ 12. Second, he argues that Nowells's (alleged) animus towards disabled persons can be imputed to her employer through the "cat's paw" theory. *Id.* ¶¶ 4–6. Third, he asserts that he can prevail on a failure-to-accommodate claim, since Bass Pro knew (before the incident) that he had a disability and also knew (after the incident) that Rice believed his conduct was socially acceptable. *Id.* ¶¶ 7–11.

A.     Disparate Treatment

Rice says Bass Pro treated him less favorably than Nowells and Jones, two non-disabled employees. For a disparate-treatment claim to survive a 12(b)(6) motion, the Complaint must have sufficiently pleaded "two ultimate elements . . . : (1) an adverse employment action, (2) taken against a plaintiff *because* of her protected status." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599–600 (5th Cir. 2021) (quoting *Cicalese v. Univ. of Tex. Med. Branch* (*Cicalese II*), 924 F.3d 762, 767 (5th Cir. 2019)). The parties focus on the causation element.

Causation can be established by showing that the employer treated "similarly situated" comparators better "under nearly identical circumstances." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). But, at this stage, "a court errs when it . . . 'inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis.'" *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1210 (5th Cir. 2021) (quoting *Cicalese II*, 924 F.3d at 766, 768). The ultimate question is whether the complaint "pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Olivarez*, 997 F.3d at 601 (citation omitted).

Starting with Nowells, Rice says Bass Pro treated her more favorably during the investigation by crediting her account of the alleged harassment. Pl.'s Resp. [11] ¶ 12. He notes that she failed to object when the massage occurred, yet "[i]nstead of believing Plaintiff, who is disabled, Defendant relied upon Ms. Nowells'[s] version of the facts that the touching was unwanted." *Id.* ¶ 12. Rice similarly pleaded in his Complaint that "[a]t the time [of the massage], Ms. Nowells *expressed* no objection." Compl. [1] ¶ 17 (emphasis added).

As Bass Pro observes, "[t]he question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995). Indeed "employment laws do not transform federal courts into human resources managers, so the inquiry is not whether [Bass Pro] made a wise or even correct decision to terminate [Rice]"; Rice must ultimately show discrimination. *Owens v. Circassia Pharms., Inc.*, No. 21-10760, 2022 WL 1515087, at *6 (5th Cir. May 13, 2022). Here, Rice acknowledges that he touched Nowells, and nothing in the Complaint suggests that he had permission to do so. Nor do the pleaded facts plausibly suggest that he could prove Bass Pro was motivated by his disability when it credited Nowells's account of *her own feelings*—i.e., that she did not welcome the touching. Conclusory allegations of causation will not do. *See Olivarez*, 997 F.3d at 600–01.

Regarding Jones, Rice's same-conduct-different-outcome argument has some facial appeal but ultimately falls short. To constitute a valid comparator, Rice must show Bass Pro treated Jones more favorably under "nearly identical" circumstances. *Lee*, 574 F.3d at 259. Yet Rice stated in his Complaint that Nowells never asked Jones to stop and never filed a sexual-

4

harassment complaint against him.  Compl. [1] ¶ 13.  He does not even allege that Bass Pro was aware of Jones's behavior.  *See* Def.'s Supp. Mem. [8] at 5.  Nor has he alleged that a non-disabled employee was treated better after a complaint of unwelcome touching.  Simply put, the limited facts Rice pleaded in his Complaint fail to show a plausible claim that Bass Pro treated Jones—or anyone else—more favorably.

      B.      "Cat's Paw" Theory

Rice alternatively asserts a "cat's paw" theory, contending that his disability motivated Nowells's complaint and that her discriminatory intent should be imputed to Bass Pro.  "If the employee can demonstrate that others had influence or leverage over the official decisionmaker, and thus were not ordinary co-workers, it is proper to impute their discriminatory attitudes to the formal decisionmaker."  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000); *see also Zamora v. City of Houston*, 798 F.3d 326, 331–32 (5th Cir. 2015) (discussing cat's paw theory).  This theory includes "two conditions:  (1) that a co-worker exhibited discriminatory animus, and (2) that the same co-worker 'possessed leverage, or exerted influence, over the titular decisionmaker.'"  *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir. 2004) (quoting *Russell*, 235 F.3d at 227).

      As to the first condition, Rice says Nowells exhibited discriminatory animus because she knew he was disabled and treated him differently than Jones—allowing Jones, but not Rice, to massage her shoulders.  Pl.'s Resp. [11] ¶ 5.  He then says she exercised influence over Bass Pro's termination decision by filing a sexual-harassment complaint, and, because she knew that sexual harassment was a terminable offense, "a jury could conclude she took this action because she sought to have Mr. Rice terminated because of his disability."  Pl.'s Resp. [11] ¶¶ 5–6.

As Bass Pro notes, Rice's arguments go well beyond his Complaint. Nowhere in that pleading does he claim that Nowells (1) knew about his disability, (2) knew that sexual harassment was a terminable offense, or, most significantly, (3) was in any way motivated by discriminatory animus or an intent to terminate Rice. Def.'s Reply [12] at 2–3. And the Complaint fails to offer any other facts plausibly suggesting that Nowells acted for a discriminatory reason.[1]

### C. Failure to Accommodate

Rice finally alleges a failure-to-accommodate claim that he neither pleaded in his Complaint nor sought leave to add through an amended filing. But even assuming he had pleaded that cause of action, he failed to plead any facts suggesting a plausible claim.

"Under the ADA, it is unlawful for an employer to fail to accommodate the known limitations of an employee's disability." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 587 (5th Cir. 2020) (quoting *Credeur v. La. ex rel. Off. of Att'y Gen.*, 860 F.3d 785, 792 (5th Cir. 2017)). A failure-to-accommodate claim requires showing that "(1) [the plaintiff] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Id.* (quoting *Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013)).

Rice pleaded no facts suggesting a plausible failure-to-accommodate claim, and it is not apparent that he could. *See* Def.'s Reply [12] at 3–5 (explaining legal deficiencies in failure-to-

---

[1] Bass Pro also says Rice failed to plausibly plead the influence element of his cat's paw theory, arguing that "[i]f Plaintiff's theory was viable, every employee complaint would arguably 'exert influence' over an employer's decision." Def.'s Reply [12] at 3. Neither party cited relevant authority addressing this issue. Absent their input, the Court will not address it. But if Rice seeks reconsideration or refiles, the parties are instructed to take a closer look.

accommodate claim). Most notably, there is no indication Bass Pro knew before the incident that Rice needed an accommodation, and the ADA envisions only *prospective* accommodations. *Burch v. Coca-Cola Co.*, 119 F.3d 305, 319 n.14 (5th Cir. 1997) ("[A] 'second chance' or a plea for grace is not an accommodation as contemplated by the ADA."). "[E]xcusing workplace misconduct to provide a fresh start/second chance to an employee whose disability could be offered as an *after-the-fact excuse* is not a required accommodation under the ADA." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1316 (10th Cir. 2017) (quoting *Davila v. Quest Corp.*, 113 F. App'x 849, 854 (10th Cir. 2004)) (compiling cases from other circuits); *see also Trahan v. Wayfair Me., LLC*, 957 F.3d 54, 6 (1st Cir. 2020) ("Nothing in the ADA demands that an employer accord an employee—even an employee with a disability—. . . a second chance."); *McElwee v. County of Orange*, 700 F.3d 635, 641 (2d Cir. 2012) ("A requested accommodation that simply excuses past misconduct is unreasonable as a matter of law."). Simply stated, Rice's Complaint fails to show that Bass Pro knew it needed to offer accommodations regarding his desire to give Nowell's a massage, and there was no legal requirement to provide post-hoc accommodations.

   D.  Dismissal Without Prejudice

"[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[]ly result in dismissal of the complaint *with prejudice* to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (emphasis added). Given Bass Pro's legal arguments and Rice's three-page response, the Court questions whether Rice has pleaded his best case. But because he has not yet attempted to cure the pleading defects, dismissal without prejudice seems appropriate. *See id.* Rice is free to refile, or he could seek an order altering or amending the judgment. "When a court enters a final judgment, a party may move to

amend its complaint under Fed[eral] R[ule of] Civ[il] P[rocedure] 59(e) or 60 rather than under Fed[eral] R[ule of] Civ[il] P[rocedure] 15(a)." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018). Should Rice so move, the Court would consider the Rule 59(e) motion under Federal Rule of Civil Procedure 15(a). *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

IV.   Conclusion

Accepting Rice's pleaded facts as true, it appears that he lost his long-standing job due to his inability to correctly read interpersonal relationships. While that is certainly unfortunate, he has not yet fit those facts into a legally plausible claim. Having considered all arguments, Bass Pro's Motion to Dismiss [7] is granted. Those arguments that were not addressed would not alter the outcome. The case is dismissed without prejudice. A final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of May, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE